ERNEST J. BROOKS, III
_____
NAME
T-61049
_____
PRISON NUMBER
California Substance Abuse Treatment
Facility/State Prison
_____
CURRENT ADDRESS OR PLACE OF CONFINEMENT
P.O. BOX 5242
CORCORAN, CA 93212-5242
_____
CITY, STATE, ZIP CODE

2254 ✓ 1983
FILING FEE PAID
Yes____ No____
IFP MOTION FILED
Yes____ No____
COPIES SENT TO
Court ✓ ProSe

FILE[D]
[J]AN 22 PM 4:42
US DIST[RICT]
DISTRICT OF [CA]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ERNEST J. BROOKS, III
_____,
(FULL NAME OF PETITIONER)

                              PETITIONER

                v.

KEN CLARK, WARDEN
_____,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                              RESPONDENT
                and

EDMUND G. BROWN
_____,
The Attorney General of the State of
California, Additional Respondent.

Civil No **'08 CV 0125 JM BLM**

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

** EVIDENTIARY HEARING REQUESTED **

1. Name and location of the court that entered the judgment of conviction under attack: _____
   San Diego County Superior Court, 220 W. Broadway, San Diego, CA.

2. Date of judgment of conviction: April 15, 2002

3. Trial court case number of the judgment of conviction being challenged: _____
   SCD 163292

4. Length of sentence: 33 Years-to-Life

5. Sentence start date and projected release date: Start Date: July 26, 2002; Projected Release Date: November 30, 2030

6. Offense(s) for which you were convicted or pleaded guilty (all counts): Penal Code §§ 288a (2 Counts); 288(c)(1); 667.61(b)(c)(e) [Multiple Victim Enhancement] (2 Counts)

7. What was your plea? (CHECK ONE)
   - (a) Not guilty ☒ [NOTE: I was not arraigned on the Second Amended Complaint]
   - (b) Guilty ☐
   - (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   - (a) Jury ☒
   - (b) Judge only ☐

9. Did you testify at the trial?
   ☒ Yes  ☐ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    - (a) Result: Judgment Affirmed
    - (b) Date of result (if known): 12/03/03
    - (c) Case number and citation (if known): D-040566
    - (d) Names of Judges participating in case (if known)

    - (e) Grounds raised on direct appeal: (1) ERROR ADMITTING (EC 1101-08) PRIOR ACTS WITHOUT LIMITATION; (2) INSUFFICIENT EVIDENCE TO SUPPORT CONVICTION ON ANY OF THE COUNTS; SENTENCING ERROR IN IMPOSITION OF CONSECUTIVE SENTENCES.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    - (a) Result: Petition for Review DENIED.
    - (b) Date of result (if known): 02/18/04
    - (c) Case number and citation (if known): S121720

    - (d) Grounds raised: INTRODUCTION OF PRIOR ACTS EVIDENCE SHOWING GREATER SEXUAL CONTACT THAN CURRENT OFFENSE WAS PREJUDICIAL AND CONTRARY TO A PRE-TRIAL ORDER OF THE COURT.

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition: N/A

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

                                                                

    (d) Grounds raised: _____

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes ☐ No

**15.** If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): HC 17276

    (b) Nature of proceeding: Petition for Writ of Habeas Corpus

    (c) Grounds raised: (1) ILLEGAL SEARCH/SEIZURE; (2) NOT ARRAIGNED ON 2nd AMENDED COMPLAINT; (3) PROSECUTORIAL MISCONDUCT; (4) FAILURE TO TURN OVER CRITICAL DISCOVERY; (5) SUPPRESSION OF EXCULPATORY EVIDENCE; (6) I.A. TRIAL COUNSEL; (7) I.A. APPELLATE COUNSEL.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (e) Result: N/A

    (f) Date of result (if known): N/A

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes ☐ No

CIV 68 (Rev. Jan. 2006)

cv

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): D046561

    (b) Nature of proceeding: Habeas Corpus Petition

    (c) Names of Judges participating in case (if known) McDonald

    (d) Grounds raised: (1) Not arraigned on 2nd Amended Information; (2) Conviction obtained by illegal search and seizure; (3) Prosecutorial Misconduct; (4) Ineffective Trial and Appellate Counsel

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (f) Result: Petition DENIED

    (g) Date of result (if known): 07/15/05

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): S143190

    (b) Nature of proceeding: Habeas Corpus Petition

    (c) Grounds raised: CONVICTION OBTAINED PURSUANT TO ILLEGAL SEARCH AND SEIZURE.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes ☒ No

    (e) Result: Petition DENIED.

    (f) Date of result (if known): 01/17/07

**20.**  If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>**California Supreme Court**</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:  N̄/A

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

**21.**  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No      (IF "YES" SKIP TO #22)

   (a) If no, in what federal court was the prior action filed? _____

     (i) What was the prior case number? _____

     (ii) Was the prior action (CHECK ONE):

       ☐ Denied on the merits?

       ☐ Dismissed for procedural reasons?

     (iii) Date of decision: _____

   (b) Were any of the issues in this current petition also raised in the prior federal petition?
     ☐ Yes ☐ No

   (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
     ☐ Yes ☐ No

<u>**CAUTION:**</u>

- <u>**Exhaustion of State Court Remedies:**</u>  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- <u>**Single Petition:**</u>  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- <u>**Factual Specificity:**</u>  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.)  If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

  (a) **GROUND ONE**: PETITIONER'S RIGHT TO A FAIR TRIAL WAS VIOLATED WHEN THE TRIAL COURT ADMITTED, WITHOUT LIMITATION, EVIDENCE OF ALLEGED PRIOR ACTS, PURSUANT TO EVIDENCE CODE SECTION 1108, WHICH WAS CONTRARY TO IT'S OWN PRE-TRIAL ORDER.

  **Supporting FACTS:**  PLEASE SEE GROUND ONE (ATTACHED)

**Did you raise GROUND ONE in the California Supreme Court?**

[X] Yes [ ] No.

  If yes, answer the following:

  (1)  Nature of proceeding (i.e., petition for review, habeas petition):  HABEAS PETITION

  (2)  Case number or citation:  S121720

  (3)  Result (attach a copy of the court's opinion or order if available): DENIED

GROUND ONE

> **PETITIONER'S RIGHT TO A FAIR TRIAL WAS VIOLATED WHEN THE TRIAL COURT ADMITTED, WITHOUT LIMITATION, EVIDENCE OF ALLEGED PRIOR ACTS, PURSUANT TO EVIDENCE CODE SECTION 1108, WHICH WAS CONTRARY TO IT'S OWN PRE-TRIAL ORDER.**

Petitioner was charged with Eight counts of child molest, and had pleaded not guilty, and requested a trial by jury within 60 days. During a pre-trial motion in limine, the Court did a 352 analysis concerning the proposed testimony of three "adult" witnesses, who alleged Petitioner had molested them when they were minors. The Court ruled that the testimony would be admissible pursuant to Evidence Code [E.C.] Sec. 1108, however, the Court restricted the witnesses from testifying to allegations of sodomy, rectal penetration, or anal penetration. The Defense and Prosecutor stipulated to the Judges Order. Petitioner was subsequently convicted of three of the eight counts, and was sentenced to two 15-years to Life Sentences, plus an determinate sentence of three years, consecutive to each other, for a total term of 33 years to Life, in state prison. Petitioner contends that his right to a fair trial was violated, because the Trial Court admitted, without limitation, evidence of alleged prior acts, [pursuant to Evidence Code section 1108, under specific guidelines, pursuant to (E.C.) 352,] which was contrary to it's own Pre-Trial Order. Petitioner hereby moves this Court for an Evidentiary hearing and appointment of counsel, for further determination to reverse his conviction, and remand for a new trial.

Before Petitioner's trial commenced, the Court held a Motion In Limine, regarding the admission of evidence of alleged prior acts, which the People sought to admit, pursuant to Evidence Code Section 1108. In particular, they discussed the proposed testimony of Cortez H., referring to incidents that he alleged occurred when he was nine or ten years of age. Also discussed was the

- 1 -

proposed testimony of Antoine H. and David B.

Petitioner denied all of the allegations against him, in the present case and objected to the introduction of any of the prior (alleged) acts, based upon his innocence; the fact that he had never been charged and/or convicted of any of the prior allegations; the remoteness of the alleged acts; and that at least two of the three alleged prior incidents, contained allegations of sodomy. Petitioner had urged the allegations from Antoine H., had been investigated by police and no charges had ever been filed against him.

Petitioner also argued that some of the alleged prior acts involved substantially more serious acts than those with which the Petitioner was currently charged, and would therefore become extremely prejudicial, where in the current case, the allegations involved fondling at most. (RT. 4-6).

The Court overruled Petitioner's objections and found the evidence of the prior acts to be highly relevant and probative, going to intent, plan and scheme.   The Court also denied Petitioner's request for a 402 hearing (RT. 12), and found that the testimony of three individuals would not be unduly time consuming and admissible, under Evidence Code Section 1108.

On at least three occasions, the Court did caution the Petitioner not to allow the witness to testify to acts of sodomy. At one point, the Court told the prosecutor:

> "Now the way we're going to handle this, Miss Weismantle, is as follows: I don't want any reference to sodomy. There is evidence in the case in chief based on your offer of proof that sodomy ultimately might have been the goal of Mr. Brooks, but the bottom line is we have a fondling of the victims' penises. We have a rubbing, if you will, of buttocks with Mr. Brooks' penis. But we have no evidence of sodomy. So as to those individuals that you're going to be permitting to testify regarding prior acts, you should advise them, and they should testify, if it is the fact, that he touched their rear ends with his penis.   We're not going to talk about penetration or sodomy." (RT. 13-14, Attached as Exhibit A).

- 2 -

The Court also stated:

> "What I'm telling Miss Weismantle is that there are parameters that I'm going to set on her in her case in chief. And I suppose, Miss. Weismantle, you ought to be prepared to tell your witnesses that if they're asked point-blank was there penetration, they'll be permitted to respond. But in your case in chief, it is going to be limited to touching." (RT. 15, Attached as Exhibit B).

During the trial testimony of Cortez H., the following colloquy took place:

Q: AT ANY TIME DURING THE TIMES THAT YOU SPENT THE NIGHT WITH HIM, DID ANYTHING UNUSUAL HAPPEN?

A: I GOT MOLESTED.

Q: WHAT DO YOU MEAN BY THAT?

A: HE PUT HIS BUTT -- I MEAN HE PUT HIS PENIS IN MY BUTTOCKS.

(RT. 473, Attached as Exhibit C).

In further questioning, the Prosecutor continued to elicit the "limined out" testimony from the witness, and made no attempt to limit the witnesses testimony, as the Court had directed. The Prosecutor then asked the following:

Q: DO YOU REMEMBER WHETHER OR NOT YOU HAD AN ERECTION?

A: YES.

Q: DID YOU HAVE ONE?

A: YES.

Q: AND WHAT DID MR. BROOKS DO?

A: HE JUST SLIDE HIS PENIS, I MEAN, INTO ME. AND I DIDN'T KNOW WHAT TO DO. I JUST FROZE UP. (RT. 475, Attached as Exhibit D).

Outside the presence of the jury, Petitioner's counsel lodged the following objection:

- 3 -

MR. COX:    YOUR HONOR, I ASKED TO TALK TO YOU.   THE

WITNESS    MENTIONED    EVIDENCE    OF    ANAL

PENETRATION WHICH WAS SUPPOSED TO BE KEPT

OUT OF THE EVIDENCE.   IT WAS A PRE-TRIAL

ORDER.   AND --

THE COURT:   THAT'S NOT THE WAY I HEARD IT, BUT WHAT ARE

YOU --

MR. COX:    HE SAID HE SLID HIS PENIS INTO HIS BUTT.

THE COURT:   NO.   THAT'S NOT WHAT HE SAID.   HE SAID HE

TOUCHED HIS BUTT WITH THE PENIS.   AT ONE

POINT HE SAID HE PUT IT IN, BUT THAT WAS

ABOUT AS CLOSE AS IT GOT.   (RT. 481,

Attached as Exhibit E).

A second [E.C.] 1108 Witness, Antoine H. testified that Petitioner had attempted to masturbate him, "daily", during what he referred to as the year of "hell".   Petitioner denied the allegations in it's entirety.

### DISCUSSION

Evidence Code Section 1108(a) provides:

> In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to [E.C.] Section 352.

> With the enactment of [E.C] Section 1108, the Legislature declared that the 'willingness to commit a sexual offense is not common to most individuals'; thus, evidence of any prior sexual offenses is particularly probative and necessary for determining the credibility of the witness.

Despite the Statutes clear intent to admit previously prohibited propensity evidence, [E.C.] Section 1108 been upheld by the Courts.   (See People v. Soto, (1998) 64 Cal. App. 4th 966, 983).   The enactment of this

- 4 -

Statute changed the existing law which generally allowed evidence of other crimes, only when relevant to prove a fact other than a defendant's disposition to commit a crime [E.C.] Section 1101].

As noted above, Petitioner acknowledges the Constitutional attack on this Statute has been rejected. (<u>People v. Fitch</u>, (1997) 55 Cal. App. 4th 172). The Courts have, however, made it abundantly clear that the examination and admission of this propensity prior acts evidence, is <u>still subject to the constraints imposed by [E.C.] Section 352</u>. That Section provides:

> "The Court, in it's discretion, may exclude evidence if it's probative value is substantially outweighed by the probability that it's admission will (a) necessitate undue consumption of time, or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

A determination under [E.C.] Section 352 involves the exercise of discretion by the Trial Court. The standards developed under [E.C.] Section 352 are the only safeguards against abuses which could become inherent, pursuant to admission of other acts evidence, even under [E.C.] Section 1101, or the recently enacted [E.C.] Section 1108.

The discretion intended to be exercised by the Court is not a capricious or arbitrary discretion, but an impartial one guided and controlled by exercise of fixed legal principles. It is well-settled that such discretion is to be exercised in conformity with the spirit of the law, in a manner to subserve and not impede or defeat the ends of substantial justice. (See <u>Bailey v. Tafe</u>, (1966) 29 Cal. 422, 424).

The prejudice which [E.C] Section 352 is designed to avoid, is not the prejudice or damage that naturally flows from relevant, highly probative evidence. Rather, the statute uses the word in the sense of avoiding "pre-judging" a person or cause, on the basis of extraneous factors. (<u>People v. Zapien</u>, (1983) 4 Cal. 4th 929, 958).

- 5 -

It is well established that in cases involving evidence under [E.C.] Section 1101 and 1108, the other crimes evidence is so inherently prejudicial, it's relevance is to be examined with care. It is inadmissible if not directly relevant to an issue in dispute, or if it is merely cumulative with respect to other evidence which the People may use to prove the same issue. People v. Acala, (1984) 36 Cal. 3d 604, 631, 632). [E.C.] Section 352 is the sole safeguard.

The testimony presented by the People in this case, resulted in the type of prejudice Petitioner's counsel sought to prevent, by excluding the evidence at the pre-trial hearing. Despite admonitions from the Court, at the time it issued it's pre-trial ruling admitting the testimony, the People elicited testimony clearly indicating substantially greater sexual contact, i.e. sodomy, and on at least two occasions, ejaculation by (alleged) victims Cortez H. (RT. 473-478) and Antoine H. (RT. 596-600). The testimony of Cortez H. clearly suggests Petitioner completed two acts of sodomy, with Cortez ejaculating on each.

The testimony of Antoine H., was even more prejudicial, because not only did he claim that Petitioner, on at least one occasion, attempted to sodomize and masturbate him, but that this occurred daily, during what he referred to as the "year of hell" (RT. 600).

Antoine H.'s testimony was in direct conflict with police detective William Knight's report and trial testimony, that Antoine had not been in Petitioner's home for a "year", but only between April and July of 1989 (RT. 1223). Further, Detective Knight testified that there were no physical findings or medical evidence to collaborate specific parts of Antoine's (1989) statement to police.

The inescapable conclusion is that the testimony of these two people as

- 6 -

to the prior acts, were extremely prejudicial because they involved alleged sexual contact substantially greater than that alleged in the current case, and could not be simply ignored by the jury or placed into it's proper context, even with instruction by the Court.

Even after the restricted testimony by Cortez, and the objection lodged by Petitioner, the Court simply stated that the witness, **"did not say that"**, and no admonishment was given to the prosecutor, nor the jury. The Prosecutor denied that Cortez H. even made the statement. (RT. 1146)

Because the Court enjoys broad discretion, it is highly probable that the Court took into consideration of all of the factors related to the current charges and prior allegations, when it allowed, but limited the testimony of the adult "witnesses".

In this instant, the admission of the limined out testimony was not only violative of Petitioner's Rights and highly prejudicial, it was false. Petitioner had a constitutional right to be judged solely on the circumstances of the instant case. Clearly here, it appears that Petitioner was convicted of the "alleged" prior acts, as well as [some of] the current charges.

In the [Fourth District] Court of Appeals ruling, the Court did find that the trial court's failure to sustain the defense counsel's objection to the limined out testimony, was inconsistent with it's pre-trial ruling [that the 1108 witnesses could not testify as to penetration or sodomy), however, the Court ruled that the error was not prejudicial. Petitioner disagrees.

The Appellate Court erred when it ruled whether or not the Trial Court's decision (in prohibiting the testimony of sodomy or penetration by the adult witnesses) was of similar conduct of the Petitioner and thereby admissible in the present case. The Appeals Court appears to "reverse" the trial Court's discretion and/or 352 analysis. The Supreme Court has made it clear that the

- 7 -

Evidence Code [1108] Statute is made admissible in trial proceedings, solely because of the Trial Court's discretion to impose parameters, pursuant to [E.C.] 352, such as what was applied in this case. Petitioner was denied his right to a fair trial.

## CONCLUSION

For the reasons set forth in Ground One, the Petitioner respectfully moves this Honorable Court for an ORDER for an Evidentiary hearing, and appointment of Counsel on his behalf, for further determination and consideration to vacate the Petitioner's conviction(s), and remand for a new trial.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:  N/A

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Name(s) of judges (if known):_____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing:  Joe Cox, 1140 Union Street, Suite 213, San Diego, CA, 92101

(b) At arraignment and plea:  Joe Cox

(c) At trial:  Joe Cox

(d) At sentencing:  William M. Apgar, 185 W. F Street, Suite 100, San Diego, CA, 92101-6001

(e) On appeal:  Patrick Hennessey, 2356 Moore St., #201, San Diego, CA 92110

(f) In any post-conviction proceeding:  In Propria Persona

(g) On appeal from any adverse ruling in a post-conviction proceeding:  N/A

CIV 68 (Rev. Jan. 2006)

cv

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes  ☐ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

    (a)  If so, give name and location of court that imposed sentence to be served in the future:

    _____

    (b)  Give date and length of the future sentence: _____

    _____

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes  ☐ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒    Plaintiff consents to magistrate judge jurisdiction as set forth above.    **OR**    ☐    Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
January 17, 2008

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

January 17, 2008            _____

(DATE)                        SIGNATURE OF PETITIONER

1    THE JURY OF HOW IT FITS IN.

2            THERE ARE JURY INSTRUCTIONS THAT COVER IT FOR THAT

3    VERY SPECIFIC REASON.  I'M NOT AWARE THAT I HAVE TO HAVE A 402

4    HEARING ON IT.

5            APPARENTLY THESE ARE PEOPLE THAT ARE NOW ADULTS WHO

6    HAD CONTACT WITH MR. BROOKS WHEN THEY WERE JUVENILES AND CAME

7    FORTH BECAUSE THEY HEARD AND SAW THE REPORTS OF THE ALLEGATIONS

8    IN THIS CASE.  NOW, WHETHER A JURY BUYS IT OR NOT IS WHY WE HAVE

9    TWELVE PEOPLE FROM THE COMMUNITY SITTING THERE.  BUT I'M NOT

10   OBLIGATED TO HAVE A 402 HEARING.

11           IT APPEARS TO ME THAT WE ARE TALKING ABOUT THREE

12   INDIVIDUALS.  SO IT'S NOT GOING TO BE UNDULY TIME-CONSUMING.

13   AND IT GOES BASICALLY TO THE HEART OF THE CASE.  AND APPARENTLY

14   YOUR CLIENT TESTIFIED DURING THE PRELIMINARY HEARING, WHICH IS

15   UNIQUE IN AND OF ITSELF, AND I'M SURE THAT HE IS APPARENTLY

16   GOING TO TESTIFY IN THIS TRIAL.  SO HE CAN RESPOND TO THAT.  AND

17   THEN IT BECOMES THE OBLIGATION OF THE JURY TO DETERMINE HOW MUCH

18   WEIGHT, IF ANYTHING, TO GIVE TO INCIDENCES THAT OCCURRED WHEN HE

19   WAS SEVENTEEN, THE DEFENDANT WAS SEVENTEEN, AND THESE NOW YOUNG

20   MEN WERE JUVENILES.

21           NOW,  THE  WAY  WE'RE  GOING  TO  HANDLE  THIS,  MISS

22   WEISMANTEL, IS AS FOLLOWS:  I DON'T WANT ANY REFERENCE TO

23   SODOMY.  THERE IS EVIDENCE IN THE CASE IN CHIEF BASED ON YOUR

24   OFFER OF PROOF THAT SODOMY ULTIMATELY MIGHT HAVE BEEN THE GOAL

25   OF MR. BROOKS, BUT THE BOTTOM LINE IS WE HAVE A FONDLING OF THE

26   VICTIMS' PENISES.  WE HAVE A RUBBING, IF YOU WILL, OF BUTTOCKS

27   WITH MR. BROOKS' PENIS.  BUT WE HAVE NO EVIDENCE OF SODOMY.  SO

28   AS TO THOSE INDIVIDUALS THAT YOU'RE GOING TO BE PERMITTED TO

1    TESTIFY REGARDING PRIOR ACTS, YOU SHOULD ADVISE THEM, AND THEY

2    SHOULD TESTIFY, IF IT IS THE FACT, THAT HE TOUCHED THEIR REAR

3    ENDS WITH HIS PENIS.  WE'RE NOT GOING TO TALK ABOUT PENETRATION

4    OR SODOMY.

5         MR. COX:  YOUR HONOR, --

6         THE COURT:  YES?

7         MR. COX:  -- THAT'S THE REQUEST OF THE PEOPLE TO SANITIZE

8    THIS.  OUR REQUEST IS THE COURT EXERCISE 352 AND NOT HAVE THESE

9    WITNESSES.

10        THE COURT:  I UNDERSTAND, MR. COX.  I UNDERSTAND WHAT YOU

11   ARE SAYING.  I KNOW YOU'RE SAYING I DON'T WANT THESE PEOPLE --

12        MR. COX:  BUT I'M SAYING IF THEY'RE COMING IN, THEN THE

13   DISSIMILARITY IS A FACTOR THAT WE MIGHT GET INTO.

14        THE COURT:  IF YOU RAISE IT, SO BE IT.

15        MR. COX:  ALL RIGHT.

16        THE COURT:  WHAT I AM INSTRUCTING MISS WEISMANTEL IS THAT

17   HER WITNESSES ARE NOT TO SAY THAT.  IF YOU WANT TO OPEN

18   PANDORA'S BOX AND TALK ABOUT IT, THAT'S A DEFENSE STRATEGY.  AND

19   YOU'RE WELCOME TO GET INTO IT KNOWING THE DOWN SIDE.  THERE'S AN

20   UP SIDE YOU GET TO ARGUE AND THEN THERE'S A DOWN SIDE.

21        MR. COX:  ALL RIGHT.

22        THE COURT:  THAT'S THE REASON YOU'RE SITTING THERE IS TO

23   MAKE THOSE DECISIONS.

24        MR. COX:  I THOUGHT THE COURT MIGHT BE LIMITING US AT THAT

25   TIME.  OKAY.

26        THE COURT:  ABSOLUTELY NOT.

27        MR. COX:  ALL RIGHT.

28        THE COURT:  ABSOLUTELY NOT.  IF YOU WANT TO GET INTO IT,

1   THAT'S FINE.  WHAT I'M TELLING MISS WEISMANTEL IS THAT THERE ARE

2   PARAMETERS THAT I'M GOING TO SET ON HER IN HER CASE IN CHIEF.

3   AND I SUPPOSE, MISS WEISMANTEL, YOU OUGHT TO BE PREPARED TO TELL

4   YOUR WITNESSES THAT IF THEY'RE ASKED POINT-BLANK WAS THERE

5   PENETRATION, THEY'LL BE PERMITTED TO RESPOND.  BUT IN YOUR CASE

6   IN CHIEF IT IS GOING TO BE LIMITED TO TOUCHING.

7        MS. WEISMANTEL:  OKAY.

8        THE COURT:  AS FAR AS THE USE OF NAMES, I SEE NO REASON WE

9   CAN'T USE THEIR FIRST NAME AND THEIR INITIAL OF THEIR LAST NAME.

10   AND THE REASON FOR THAT IS I WILL OBVIOUSLY NOT ALLOW FILMING OF

11   ANY OF THE VICTIMS IN THIS CASE IF SUCH A REQUEST IS MADE.  AND

12   IT WILL BE MY INTENT TO NOT ALLOW RECORDING AS WELL.   SO, YOU

13   KNOW, THE PRINT MEDIA AND SO FORTH CAN COME IN.   BUT MY

14   EXPERIENCE IS THAT WITH JURIES USING ANONYMOUS JOHN DOE OR JANE

15   DOE LEAVES MORE QUESTIONS THAN WE HAVE TO LEAVE WITH THE JURY.

16   WE'LL JUST HAVE THEM ALL TESTIFY WITH THEIR FIRST NAME AND THE

17   FIRST INITIAL OF THEIR LAST NAME.

18        ALL RIGHT.   THAT TAKES A MAJOR SEGMENT OUT OF YOUR

19   MOTIONS.  I'LL JUST GO THROUGH AND SEE IF THERE ARE ANY . . .

20        THEN WE'VE GOT THE UTILIZATION OF THE FRESH COMPLAINT

21   DOCTRINE.   HOW MANY WITNESSES DOES THAT REFER TO, MISS

22   WEISMANTEL?

23        MS. WEISMANTEL:  THAT WOULD BE THE PARENTS, WHICH IS FOUR.

24   AND THEN I'M ASSUMING THAT SOME OF THE CHILDREN, THE VICTIMS ARE

25   GOING TO BE ASKED WHEN THEY WERE TOLD OR WHAT BROUGHT UP THE

26   SUBJECT MATTER.  SO PROBABLY BETWEEN EIGHT, EIGHT OR MORE IF

27   COUNSEL BRINGS WITNESSES.

28        THE COURT:  I'M ASSUMING THIS IS AN AREA THE DEFENSE IS

1     Q   AND WHERE WOULD YOU SLEEP WHEN YOU WERE AT MR. BROOKS'

2  HOME?

3     A   WE WOULD SLEEP ON THE FLOOR OR SOME PEOPLE WOULD SLEEP

4  ON THE COUCH.

5     Q   AT ANY TIME DURING THE TIMES THAT YOU SPENT THE NIGHT

6  WITH HIM, DID ANYTHING UNUSUAL HAPPEN?

7     A   YES.

8     Q   WHAT?  COULD YOU TELL US WHAT HAPPENED?

9     A   I GOT MOLESTED.

10    Q   WHAT DO YOU MEAN BY THAT?

11    A   HE PUT HIS BUTT -- I MEAN HE PUT HIS PENIS IN MY

12  BUTTOCKS.

13    Q   AND DO YOU REMEMBER WHAT ROOM THAT HAPPENED IN?

14    A   IT ONCE HAPPENED ON THE FLOOR, AND IT ONCE HAPPENED IN

15  THE ROOM UPSTAIRS.

16    Q   WHOSE ROOM WAS THAT?

17    A   IT WAS HIS PLACE, SO I GUESS IT WAS HIS.

18    Q   WHICH HAPPENED FIRST?

19    A   ON THE FLOOR HAPPENED FIRST.

20    Q   THE TIME THAT IT HAPPENED ON THE FLOOR, DO YOU

21  REMEMBER IF THERE WERE OTHER BOYS AROUND?

22    A   YES, THERE WAS.

23    Q   AND WHAT TIME OF THE DAY OR EVENING DID THIS HAPPEN?

24    A   3:00, 4:00, 5:00 O'CLOCK IN THE MORNING.  SOME TIME

25  AROUND THERE.

26    Q   DO YOU REMEMBER HOW MANY BOYS THERE WERE IN THE ROOM?

27    A   I DON'T.  I CAN'T TELL YOU THAT EXACTLY.

28    Q   AND WHAT WAS IT THAT YOU FIRST REMEMBER ABOUT THAT

1      A     YES.  HE DID.  I MEAN HE DID -- YES, HE DID.

2      Q     DID HE DO THAT ON THAT SAME OCCASION ON THE FLOOR?

3      A     YES.

4      Q     DO YOU REMEMBER WHICH ONE HE DID FIRST?  DID HE TOUCH

5   YOUR PENIS OR TOUCH YOUR BUTTOCKS FIRST?

6      A     HE WOULD TOUCH MY PENIS FIRST.

7      Q     AND DO YOU REMEMBER WHETHER OR NOT WHEN HE DID THAT

8   WERE YOU LAYING DOWN AT THE TIME?

9      A     YES, I WAS.

10     Q     AND WHERE WAS HIS BODY COMPARED TO YOURS?

11     A     LAYING RIGHT NEXT TO MINE'S.

12     Q     DO YOU KNOW IF HE WAS BESIDE YOU OR BEHIND YOU?

13     A     HE WAS ON THE SIDE OF ME.

14     Q     AND WHEN HE TOUCHED YOUR PENIS, WHAT DID YOU DO?

15     A     I DIDN'T KNOW WHAT TO DO.  I JUST FROZE UP.

16     Q     DO YOU REMEMBER WHETHER OR NOT YOU HAD AN ERECTION?

17     A     YES.

18     Q     DID YOU HAVE ONE?

19     A     YES.

20     Q     AND WHAT DID MR. BROOKS DO?

21     A     HE JUST SLIDE HIS PENIS, I MEAN, INTO ME.    AND I

22   DIDN'T KNOW WHAT TO DO.  I JUST FROZE UP.

23     Q     DID YOU EVER TALK TO HIM ABOUT IT?

24     A     NO.

25     Q     DID MR. BROOKS SAY ANYTHING DURING THAT TIME?

26     A     JUST WHISPERING IN MY EAR DID I LIKE IT AND STUFF LIKE

27   THAT.

28     Q     DID YOU TALK TO ANYBODY ELSE THAT NIGHT AFTER IT

1          THE COURT:  CROSS-EXAMINATION.

2          MR. COX:  YOUR HONOR, CAN WE TAKE A BREAK NOW TO CONFER

3     WITH MY CLIENT?

4          THE COURT:  IT'S PROBABLY AS CLOSE TO A MORNING BREAK AS WE

5     CAN GET.

6               LADIES AND GENTLEMEN, PLEASE REMEMBER THE ADMONITION

7     OF THE COURT NOT TO DISCUSS ANY OF THE TESTIMONY OR EVIDENCE

8     AMONG YOURSELVES OR WITH OTHERS.

9               PLEASE BE OUTSIDE THE DOOR AT 10:40.  10:40, PLEASE.

10              (RECESS, 10:25 O'CLOCK, A.M., TO 10:40 O'CLOCK, A.M.)

11              (THE FOLLOWING OCCURRED OUT OF THE PRESENCE OF THE

12        JURY:

13         THE COURT:  IN THE BROOKS MATTER THE RECORD WILL REFLECT

14    THE PRESENCE OF MR. BROOKS AND BOTH COUNSEL, JURORS AND

15    ALTERNATES ARE IN THE HALLWAY.

16              YES.

17         MR. COX:  YOUR HONOR, I ASKED TO TALK TO YOU.  THE WITNESS

18    MENTIONED EVIDENCE OF ANAL PENETRATION WHICH WAS SUPPOSED TO BE

19    KEPT OUT OF THE EVIDENCE.  IT WAS A PRE-TRIAL ORDER.  AND --

20         THE COURT:  THAT'S NOT THE WAY I HEARD IT.  BUT WHAT ARE

21    YOU --

22         MR. COX:  HE SAID HE SLID HIS PENIS INTO HIS BUTT.

23         THE COURT:  NO.  THAT'S NOT WHAT HE SAID.  HE SAID HE

24    TOUCHED HIS BUTT WITH THE PENIS.  AT ONE POINT HE SAID HE PUT IT

25    IN, BUT THAT WAS ABOUT AS CLOSE AS IT GOT.

26         MR. COX:  ALL RIGHT.

27              THE PRE-TRIAL --

28         MS. WEISMANTEL:  JUST FOR THE RECORD, YOUR HONOR, I DID

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Ernest J. Brooks, III

2254

FILING FEE PAID
Yes    No ✓

IFP MOTION FILED
Yes    No

COPIES SENT TO

Clark, et al

FILED
2008 JAN 22 PM 4:42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ernest J. Brooks, III
PO Box 5242
Corcoran, CA 93212
T-61049

ATTORNEYS (IF KNOWN)

'08 CV 0125 JM BLM

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)    **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ _____   Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE   January 22, 2008

SIGNATURE OF ATTORNEY OF RECORD