1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  ELIZABETH A. HARTWIG, State Bar No. 91991
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone:  (619) 645-2278
    Fax:  (619) 645-2271
9   Email:  Elizabeth.Hartwig@doj.ca.gov

10 *Attorneys for Respondent*

11

12          IN THE UNITED STATES DISTRICT COURT

13       FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 **ERNEST J. BROOKS, III,**                    08cv0125 JM (BLM)

16                              *Petitioner,*    **ANSWER TO PETITION FOR
                                                 WRIT OF HABEAS CORPUS**
17          *v.*

18 **KEN CLARK, *Warden*,**

19                              *Respondent.*

20

21          COMES NOW RESPONDENT, Ken Clark, Warden, California Substance Abuse Treatment

22 Facility/State Prison, Corcoran, California, by and through his counsel Edmund G. Brown Jr.,

23 Attorney General for the State of California, and Elizabeth A. Hartwig, Deputy Attorney General,

24 and brings this Answer to the Petition for Writ of Habeas Corpus, pursuant to an Order filed by this

25 Court on April 23, 2008.  Respondent hereby denies the allegations in the Petition and affirmatively

26 asserts that:

27 ///

28 ///

I.

Petitioner Ernest J. Brooks, III is lawfully in Respondent's custody at California Substance Abuse Treatment Center/State Prison, Cocoran, California, serving a term of thirty-three years to life in state prison, imposed on April 15, 2002. The sentence followed Brooks's conviction by a jury of two counts of committing lewd acts on two children under 14 years old (Cal. Pen. Code, § 288(a), count 1 and 5), one count of lewd acts on a child 15 years old (Cal. Pen. Code, § 288(c)(1)), and special findings that the offense was committed against more than one victim, within the meaning of California Penal Code, section 667.61(b)(c)(e).

II.

Because Brooks's Petition for Writ of Habeas Corpus was filed after April 26, 1996, the highly deferential standard of federal habeas corpus review established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, applies to Brooks's claims. Under this deference standard, this Court must consider Brooks's claims without de novo review because the state courts previously rejected his claims on the merits.

III.

In his sole claim, Brooks contends the trial court violated his right to due process when it admitted evidence of prior acts of sexual misconduct as propensity evidence (Cal. Evid. Code, §§ 1108/352). However, since the United States Supreme Court has not held that propensity evidence is unconstitutional, the state court did not violate controlling Supreme Court precedent, and this Court cannot grant habeas corpus relief pursuant to 28 U.S.C. § 2254(d). Therefore the claim must be dismissed with prejudice.

IV.

Brooks exhausted his evidentiary claim in a petition for review which was denied by the California Supreme Court.

V.

The state court made numerous express and implied factual findings. Brooks has not demonstrated any reason why the presumption of correctness mandated by 28 U.S.C. § 2254(e) should not apply to these factual findings.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI.

The relevant facts and procedural history set forth in the accompanying Memorandum of Points and Authorities are incorporated by reference herein.  Except as expressly admitted herein, or in the Memorandum of Points and Authorities, Respondent denies each allegation of the Petition and specifically denies that Brooks's confinement is in any way improper, or that any of his constitutional rights have been or are being violated in any way.

## VIII.

No hearing is required because Brooks had a hearing in state court.  He has not referred to any additional factual issues requiring a hearing in his Petition, and he cannot show:  (1) his claim is predicated on a new rule of law with retroactive application; or (2) additional factual predicates for his claims could not have been discovered earlier with due diligence; or (3) by clear and convincing evidence no reasonable fact-finder would have found  him guilty, but for the alleged error.  28 U.S.C. § 2254(e)(2)(A), (B).

WHEREFORE, for the reasons set forth in this Answer, and the Memorandum of Points and Authorities filed in support of this Answer and incorporated herein by reference, this Court should

///
///
///

1  deny the Petition, deny all other relief, and reject any request for a certificate of appealability, and

2  terminate these proceedings.

3          Dated:  June 12, 2008.

4                              Respectfully submitted,

5                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

6                              DANE R. GILLETTE
                               Chief Assistant Attorney General

7                              GARY W. SCHONS
                               Senior Assistant Attorney General

8

9                              KEVIN VIENNA
                               Supervising Deputy Attorney General

10                              _s/ELIZABETH A. HARTWIG___

11

12                              ELIZABETH A. HARTWIG
                               Deputy Attorney General

13                              *Attorneys for Respondent*

14  EAH:sm

15  80248296.wpd
    SD2008800668

16

17

18

19

20

21

22

23

24

25

26

27

28

1        CERTIFICATE OF SERVICE BY U.S. MAIL

2        I declare:  I am employed in the Office of the Attorney General, which is the office of a
member of the California State Bar, at which member's direction this service is made.  I am 18 years
3   of age or older and not a party to this matter.  I am familiar with the business practice at the Office
of the Attorney General for collection and processing of correspondence for mailing with the United
4   States Postal Service.  In accordance with that practice, correspondence placed in the internal mail
collection system at the Office of the Attorney General is deposited with the United States Postal
5   Service that same day in the ordinary course of business.

6        On **June 12, 2008**, I served the following documents:

| | |
|---|---|
| (1)  **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS;** | ***Brooks v. Clark*** |
| (2)  **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS;** *and* | United States District Court Southern District of California 08cv0125 JM (BLM) |
| (3)  **NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE** | |

12  by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in
the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite
13  1100, P.O. Box 85266, San Diego, CA  92186-5266, addressed as follows:

            **ERNEST J BROOKS  III**
            **CDC NO  T-61049**
            **CSATF**
            **P O BOX  5242**
            **CORCORAN  CA   93212**

                    *Pro se*

19  **ELECTRONIC MAIL NOTICE LIST**
        I have caused the above-mentioned document(s) to be electronically served on the following
20  person(s), who are currently on the list to receive e-mail notices for this case:  None.

21  **MANUAL NOTICE LIST**
        The following are those who are **not** on the list to receive e-mail notices for this case (who
22  therefore require manual noticing):  **ERNEST J. BROOKS, III**, at the above-named address.

23      I declare under penalty of perjury under the laws of the State of California the foregoing
is true and correct and that this declaration was executed on **June 12, 2008**, at San Diego, California.

25

26      STEPHEN MCGEE                          _____
          Declarant                               (Signature)

27

28

CERTIFICATE OF SERVICE BY U.S. MAIL                           Case No. 08cv0125 JM (BLM)