1  ERNEST J. BROOKS, III, T-61049
   C.S.A.T.F.  E3-143L
2  P.O. BOX 5242
   900 QUEBEC AVENUE
3  CORCORAN, CA 93212-5242

4  In Propria Persona



FILED

2008 AUG 19  PM 3:00

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**NUNC PRO TUNC**

AUG 15 2008

8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11  ERNEST J. BROOKS, III,          CASE NO: 08cv0125 JM (BLM)

12              Petitioner,         **MEMORANDUM OF POINTS AND AUTHORITIES
                                    IN SUPPORT OF PETITIONER'S TRAVERSE
13      v.                          TO RESPONDENT'S ANSWER TO PETITIONER'S
                                    HABEAS CORPUS PETITION.**
14  KEN CLARK, Warden,

15              Respondent.

17                       I.

18                  INTRODUCTION

19      Petitioner, Ernest J. Brooks, III, is challenging his 2002

20  conviction on two Counts of committing lewd acts on two children under 14

21  years old (Cal. Pen. Code, Section 288(a), counts 1 and 5); and one count of

22  lewd acts on a child 15 years old (Cal. Pen. Code, Section 288(c)(1), count

23  8); and special findings that the offense was committed against more than one

24  victim, within the meaning of Cal. Pen. Code, Section 667.61(b)(c)(e).

25      Petitioner contends that his right to due process and right to a

26  fair trial was violated when the Trial Court violated its own pre-trial order,

27  when it failed to sustain a defense objection to testimony by a (Cal. Evid.

28
                            - 1 -

                                        08cv0125 JM (BLM)

1  Code, Sect.) 1108 witness, regarding sodomy and/or anal penetration, which had

2  been prohibited, pursuant to the Court's own (Cal. Evid. Code, Section) 352

3  analysis.  Petitioner argues that the prohibited testimony was prejudicial.

4      Petitioner prays that this Court grants an evidentiary hearing and

5  appoint counsel on behalf of Petitioner, for further consideration and

6  determination to vacate his conviction and remand for a new trial.

7

8                          STATEMENT OF THE CASE

9      The Prosecutor's case is adequately stated in Respondent's Brief,

10 with the following exceptions noted:

11     Page 3, 8-13.

12     On direct appeal, Petitioner argued that: (1) the trial court erred

13 in allowing the prosecution to present evidence of prior acts of child

14 molestation, without limitation, which was a pre-trial order of the court; (2)

15 insufficient evidence supported the verdict, and; (3) the court abused its

16 discretion in imposing consecutive 15-years-to-life terms.

17

18                          STATEMENT OF THE FACTS

19     11-year old Antoine O.

20     Petitioner was charged with 1 count related to this Minor.  The

21 Prosecutor's case is adequately stated in Respondent's Brief.

22     13-year old Marq M.

23     Marq is Antoine's older brother.  Petitioner was charged with 3

24 counts related to this Minor.  The Prosecutor's case is adequately stated in

25 Respondent's Brief.  The Jury was unable to reach a verdict on any of the

26 counts related to this Minor.

27     13-year old Clarence H.

28

                              - 2 -

                                              08cv0125 JM (BLM)

1    Petitioner was charged with 1 count related to this Minor. The

2    Prosecutor's case is adequately stated in Respondent's Brief.

3    <u>15-year old Orlando F.</u>

4    Petitioner was charged with 3 counts related to this Minor. The

5    Prosecutor's case is adequately stated in Respondent's Brief. The Jury failed

6    to reach a verdict on two of three counts related to this Minor.

7    <u>Testimony of Sharon Young.</u>

8    During direct examination, Prosecution witness Sharon Young, who is

9    the Mother of Antoine O. and Marq M., testified that several months prior to

10   Petitioner's trial, she had hired a civil attorney, in order to sue Petitioner

11   for "molesting my sons." (2 RT 345.) Ms. Young also testified that she had

12   discussed her intentions with her sons, prior to the trial.

13   <u>[Evidence Code] 1108 Witness Testimony.</u>

14   The Prosecutor also presented the testimony of Three (3) adults, who

15   testified Petitioner had molested them when they were minors. (3 RT 469-79,

16   594-602, 643-48.) The Defense objected to the introduction of the testimony

17   of these witnesses, arguing that Petitioner was innocent of the allegations.

18   Petitioner also argued that these allegations would be "thoroughly tried now"

19   in the current case, where there had been no previous criminal charges brought

20   against him before. (1 RT 11-12).

21   **The Defense Case.**

22   Testifying on his own behalf, Petitioner denied that he did anything

23   improper to any of the minors. Petitioner presented testimony that the

24   minor's were friends, (Antoine and Marq were brothers) and that they had

25   frequently discussed the case among themselves and with other prosecution

26   witnesses. Petitioner further presented testimony of numerous boys and girls

27   who had worked for a Non-Profit Corporation that Petitioner ran, and had

28

- 3 -

1  participated in sleep-overs, each of whom testified that nothing inappropriate

2  had ever occurred between them and Petitioner. (4 RT 747-58, 812-16, 851-57,

3  883-85.)    In addition, Petitioner called several witnesses who offered

4  testimony showing that the four alleged child victims had frequently lied,

5  engaged in other forms of misconduct (including sexual misconduct), and had

6  previously made inconsistent statements to police and social workers, about

7  the nature of the "touchings". (4 RT 758-77, 787-92, 800-04, 818, 829-34,

8  851-52, 865-67, 893-900, 952, 981-82.)

9      Federal Question Now Before This Court.

10      The Federal question now before this Honorable Court is whether

11  Petitioner received due process and/or a fair trial after the trial court

12  allowed the jury to hear testimony of anal penetration, from an 1108 witness,

13  that was previously prohibited, pursuant to a [E.C.] 352 analysis.

14                     A R G U M E N T

15                          I.

16             FEDERAL HABEAS CORPUS PRINCIPLES

17                 (STANDARD OF REVIEW)

18      Petitioner agrees that the Respondent's "Standard of Review"

19  contains an accurate summary of the governing law regarding the deference due

20  under the AEDPA to State Court adjudications on the merits.  On the other

21  hand, Respondent omits entirely from its discussion at this juncture in the

22  litigation – the standard this Court must apply in deciding whether or not to

23  grant Petitioner an evidentiary hearing on his (Federal) Habeas Corpus claim.

24      A Petitioner, on Federal Habeas Corpus, is entitled to an

25  evidentiary hearing where the Petitioner establishes a "colorable" claim for

26  relief, and where the Petitioner has never been accorded a State or Federal

27  hearing on the claim.  Earp v. Oronski, 431 F.3d 1158, 1167 (9th Cir. 2003)

28

                          - 4 -

1  citing <u>Townsend v. Sain</u>, 372 U.S. 293 (1963) and <u>Keeney v. Tamayo-Reyes</u>, 504

2  U.S. 1, 5, (1992).   In stating a "colorable" claim, a Petitioner is merely

3  required to allege specific facts which, if true, would entitle him to relief.

4  <u>Ibid</u>.   Granted, under AEDPA, a Federal Court is not required to order a

5  hearing where the Petitioner failed to develop the facts in state court.   In

6  such cases, the Federal Court accords a presumption of correctness, to the

7  facts found by the state court, and need not hold any evidentiary hearing,

8  unless those facts are rebutted by clear and convincing evidence.   On the

9  other hand, no AEDPA deference is due where the State has made an

10  "unreasonable" determination of the facts.  <u>Taylor v. Maddox</u>, 366 F.3d 992,

11  1001 (9th Cir. 2004).

12      In sum, an evidentiary hearing is required under the AEDPA – and an

13  Appellate Court will remand for a hearing if the State Court rules without

14  granting one – where the Petitioner establishes a "colorable" claim for relief

15  and has never been accorded a State or Federal hearing on his claim.  <u>Earp</u>,

16  Supra, at 1167.

17      Here, Petitioner requested an evidentiary hearing at every stage of

18  his state habeas proceedings, and each of the courts to which he applied,

19  ruled without granting one.

20      Simply put, the fact-finding procedure employed by the state Court

21  did not adequately provide a full and fair hearing.  Therefore, (1) Petitioner

22  is entitled to an evidentiary hearing in this Court, before the Court can make

23  any credibility determinations on the facts alleged in the instant Federal

24  Petition and supporting exhibits; and (2) Any controverted "facts" found by

25  the State Court while denying a request for an evidentiary hearing necessarily

26  resulted from an "unreasonable determination" of the facts, and hence are not

27  entitled to any presumption of correctness.  <u>Earp</u>, Supra, at 1167; <u>Taylor</u>,

28

- 5 -

Supra at 1101 ["Where the state court's legal error infects the fact finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it."]

## II.

**THE RESPONDENT'S ARGUMENT IS MISPLACED BECAUSE PETITIONER IS NOT ARGUING THE BROADER ISSUE OF 1108 PROPENSITY EVIDENCE, RATHER, THE NARROW ISSUE OF THE APPLICATION OF SECTION 352 ANALYSIS.**

Respondent contends that the United States Supreme Court has not held that propensity evidence violates due process, thus, there is no applicable controlling United States Supreme Court precedent regarding propensity evidence, therefore, this Court cannot grant Habeas Corpus relief.

While this argument may be valid, it does not apply in this case because Petitioner is not contesting the admission of the evidence (pursuant to Section 1108.) Rather, Petitioner is contending that the failure to sustain the Defenses objection to (1108 Witness) Cortez' testimony, that was previously prohibited by a [E.C.] Section 352 analysis, was prejudicial and violated his due process rights and right to a fair trial.

**A.    The Record in the State Trial Court**

The Record of the State Trial Court proceedings in this case are adequately stated in Respondent's Brief.

**B.    The State Appellate Court Opinion**

The State Appellate Court Opinion is adequately stated in Respondent's Brief.

**C.    While The United States Supreme Court Has Not Held That Propensity Evidence Violates Due Process, The Court Has Made It Clear That The Safeguards Of Federal Rule 403, Against Abuses Of Rule 414, Is What Enables Rule 414 To Successfully Defend Against Constitutional Challenges.**

Petitioner agrees with Respondent in its analysis of Federal Rule of

- 6 -

1  Evidence 414 and 403, and its co-relation to California's Evidence Code
2  Sections 1108 and 352. Petitioner further agrees with Respondent's analysis
3  in United States v. LeMay, 260 F.3d 1018, 1027, (2001). In part, Petitioner
4  adopts the same argument.

5  California's [E.C.] Section 352 gives the Trial Judge broad
6  discretion to exclude evidence when its probative value is substantially
7  outweighed by its prejudicial effect, and/or to ensure that evidence admitted
8  under [E.C.] Section 1108 will not infringe on the right to a fair trial
9  guaranteed under the due process clause. In the Federal Court, Rule 403 is
10 the sole protection against abuses of Rule 414. In California, [E.C.] Section
11 352 is the sole protection against abuses in Section 1108.

12 In this instant, and in his direct appeal, Petitioner argued that
13 the Trial Court violated its own pre-trial order, when it failed to sustain a
14 defense objection to testimony from (1108 witness) Cortez H., that had been
15 previously prohibited by the pre-trial order. The Court had properly weighed
16 the proposed 1108 testimony, under [E.C.] 352 analysis, when it made the
17 pre-trial order. While the Court may have misinterpreted the (prohibited)
18 testimony, (in overruling the the defenses objection) it was clear that the
19 testimony had been previously "limined-out".

20 The Fourth District Court of Appeals ruling (D040566) addressed the
21 broader issue of whether the prior acts evidence was relevant as propensity
22 evidence under section 1108.

23 The Appellate Court did make an attempt to address the narrow issue
24 of allowing the admission of testimony (that included allegations of sodomy
25 and/or anal penetration), that Petitioner had argued was a violation of the
26 trial court's pre-trial order. The Court even agreed that "the Trial Court's
27 failure to sustain defense counsel's objection was inconsistent with its

28

- 7 -

1  pretrial ruling", (See Respondents Memorandum of Points and Authorities in

2  Support of Answer to Petition for Writ of Habeas Corpus at p. 16, 16-18).

3  However, the Court ruled that the "error" was not prejudicial. Petitioner

4  disagrees. First of all, what the Appeal Court actually did, was create their

5  own objection to the Trial Court's pre-trial ruling, which is not allowed

6  where there was no objection by the prosecutor when the Court allowed the 1108

7  testimony to be admitted but imposed strict parameters in the Prosecutors Case

8  in Chief. Secondly, the Trial Judge is the only person entrusted to make this

9  determination because they are in the best position to evaluate the evidence.

10       Here, the Respondents also claim that even if there was error, it

11  was harmless. Not true.

12       In the pre-sentence probation report, adopted by the Court, the

13  probation officer argued for a maximum sentence based, in part, on the

14  "uncharged crimes" that were committed against the adult "victims". It is

15  quite probable that the jury sought to punish the Petitioner for those

16  "uncharged crimes" as well. Therefore, it cannot be said, with any certainty,

17  that this "error" was harmless.

18       Since his arrest, Petitioner categorically denied molesting any of

19  the minors in the current case, or any of the adult witnesses who testified

20  that they were molested by Petitioner when they were minors. It is clear that

21  the reason the Trial Court imposed the strict parameters of the 1108

22  testimony, was to safeguard Petitioner's right to a fair trial, because there

23  was never any argument that the testimony of the 1108 witnesses would be time

24  consuming or that their testimony would confuse the issues or the jury.

25       The Court, in People v. Falsetta, 21 Cal. 4th at 916, 918, ruled

26  that when admitting prior sex offenses, the trial court must carefully weigh

27  the evidence under section 352 to safeguard the defendant's rights. The Court

28

- 8 -

1  outlined the purpose of [E.C.] Section 352, when it stated that Section 352:

2      (1) Relieves the defendant of the often unfair burden of defending
3          against both the charged offense(s) and the other uncharged
           offense(s);

4      (2) Promotes judicial efficiency by avoiding protracted "mini-trials" to
5          determine the truth or falsity of the prior charge, and;

6      (3) Guards against undue prejudice arising from the admission of the
           defendant's other offenses.

7      In a concurring, but separate opinion, Justice **MOSK** wrote:

8      I write separately because I am concerned that the
9      Majority leave open troubling questions.  What is the
       procedure if a Defendant pleaded not guilty to the
       previous offenses?  or pleaded guilty, or nolo contendre,
10     but now alleges that he was not, in fact, the perpetrator?
       I question the Majority's conclusion that Defendants in
11     such circumstances "will not be burdened unduly by having
       to 'defend' against these charges." (Maj. Opn., Ante, 89
12     Cal.Rptr.2d at p. 860, 986 p. 2d at p. 194.)  Nor, in such
       circumstances, would judicial efficiency be served.  The
13     Majority, on this point, again emphasizes that in cases
       like the present circumstance, in which the Defendant
14     pleaded guilty, there is no danger of "inefficient
       sidetracking." (Ibid.)  But what of other cases, when
15     there was no such prior guilty plea and, perhaps, no
       conviction?  Must there be a trial within the trial to
16     ascertain the prior facts?  As to the issue of undue
       prejudice, I am concerned that, under the Majority's
17     analysis, the "careful weighing process" under Evidence
       Code Section 352 would appear to exclude, in every case,
18     the long standing principal that use of the prior offenses
       to show "propensity" may itself be highly prejudicial.

19

20     Petitioner contends this case mirrors the concerns that Justice **MOSK**

21 wrote of, in his (concurring) opinion.  Petitioner denied molesting any of the

22 Minors in the current case.  Petitioner also denied that he molested any of

23 the [E.C. 1108] Adult Witnesses (when they were minors), and noted he had

24 never been charged with and/or convicted of any previous sex offenses or

25 crimes related to them.  Petitioner found himself in a position to have to

26 defend himself against the current charges as well as the past allegations.

27 [E.C.] 1108 Witness, Antoine H., testified that Petitioner had molested him on

28

- 9 -

1  a daily basis, from between 6 months to a year, when he was a minor, and lived

2  with Petitioner.     While the allegations were investigated by police, no

3  charges were ever filed against Petitioner.     Petitioner contends that it is

4  highly probable that the Jury, through its verdict, sought to punish

5  Petitioner for the "uncharged" crimes as well.

6          The [E.C.] Section 352 safeguard, is what allows the [E.C.] Section

7  1108 to successfully defend against Constitutional challenges and must be

8  protected.

9                                          **CONCLUSION**

10         This Habeas Corpus Petition is not intended to set forth all of

11  Petitioner's legal arguments and/or issues.     It is only intended to set forth

12  a prima facie case for relief, so that the Court can make a further

13  determination to appoint counsel on behalf of Petitioner, in order to ensure a

14  full and fair presentation of his claims, now before the Court.

15         **WHEREFORE**, for the foregoing reasons stated herein and in the

16  Petitioner's Traverse, and more fully in Petitioner's Federal Habeas Corpus

17  Petition, Petitioner respectfully prays that this Court issue an Order

18  **GRANTING** Petitioner an Evidentiary Hearing, and **APPOINT** Counsel on behalf of

19  Petitioner, for further determination to vacate his conviction and remand for

20  a new trial.

21

22         Dated: August 12, 2008

23

24         _____

25         Ernest J. Brooks, III, Petitioner

26

27

28

                                       - 10 -

                                                          08cv0125 JM (BLM)

1

## TABLE OF CONTENTS

2

Page

3   INTRODUCTION ............................................................. 1

4   STATEMENT OF THE CASE .................................................. 2

5   STATEMENT OF THE FACTS ................................................. 2

6        11-Year Old Antoine O. ............................................. 2

7        13-Year Old Marq M. ............................................... 2

8        13-Year Old Clarence H. ........................................... 2

9        15-Year Old Orlando F. ............................................ 3

10       Testimony of Sharon Young ......................................... 3

11       [Evidence Code Section] 1108 Witness Testimony .................... 3

12       The Defense Case .................................................. 3

13       Federal Question Now Before This Court ............................ 4

14            Whether Petitioner Received Due Process and/or A Fair
15            Trial After The Court Allowed The Jury To Hear Testimony
              Of Anal Penetration, From An 1108 Witness, That Was
16            Prohibited, Pursuant To A [E.C.] 352 Analysis. ............... 4

17   ARGUMENT ................................................................ 4

18       I.    FEDERAL HABEAS CORPUS PRINCIPLES
               (STANDARD OF REVIEW)
19                                                                          4

20       II.   THE    RESPONDENT'S    ARGUMENT    IS    MISPLACED    BECAUSE
               PETITIONER IS NOT ARGUING THE BROADER ISSUE OF 1108
               PROPENSITY EVIDENCE, RATHER, THE NARROW ISSUE OF THE
21             APPLICATION OF SECTION 352 ANALYSIS. ........................ 6

22             A.   The Record In The State Trial Court .................... 6

23             B.   The State Appellate Court Opinion ...................... 6

24             C.   While The United States Supreme Court Has Not
                    Held That Propensity Evidence Violates Due
25                  Process, The Court Has Made It Clear That The
                    Safeguards Of Federal Rule 403, Against Abuses Of
26                  Rule    414,    Is    What    Enables    Rule    414    To
                    Successfully   Defend   Against   Constitutional
27                  Challenges. ........................................... 6

28   CONCLUSION ............................................................. 10

– i –

# TABLE OF AUTHORITIES

Page

<u>CASES</u>

Earp v. Oronski,
    431 F.3d 1158, 1167 (9th Cir. 2003)           5

Keeney v. Tamayo-Reyes,
    504 U.S. 1, 5, (1992)           5

People v. Falsetta,
    21 Cal. 4th at 916, 918           8

Taylor v. Maddox,
    366 F.3d 992, 1001 (9th Cir. 2004)           5

Townsend v. Sain,
    372 U.S. 293 (1963)           5

United States v. LeMay,
    260 F.3d 1018, 1027, (2001)           6

<u>STATUTES</u>

Antiterrorism and Effective Death Penalty Act ("AEDPA")
    Pub. L. No. 104-132,
    110 Stat. 1214 (1996)           4, 5

California Evidence Code
    Section 352           2, 4, 6, 7, 8, 9, 10
    Section 1108           2, 3, 4, 6, 7, 8, 9, 10

California Penal Code
    Section 288(a)           1
    Section 288(c)(1)           1
    Section 667.61(b)(c)(e)           1

<u>COURT RULES</u>

Federal Rules of Evidence
    Rule 403           6
    Rule 414           7

## PROOF OF SERVICE BY MAIL

CASE NAME: **BROOKS v. CLARK**          CASE NUMBER: **08cv0125 JM (BLM)**

    I, Ernest J. Brooks, III, hereby declare as follows:

    I am 18 years of age and a party to this action. I am a resident/inmate at the California Substance Abuse Treatment Facility & State Prison, in the City of Corcoran, County of Kings, State of California. My prison address is: P.O. BOX 5242, 900 Quebec Avenue, Corcoran, CA 93212.

On   **8/12/08**  , I served the attached:

    TRAVERSE TO RESPONDENT'S ANSWER TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS;

    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TRAVERSE TO

RESPONDENT'S ANSWER    ,on the above captioned party, by placing a true and correct copy thereof, enclosed in a sealed envelope, with postage fully pre-paid, thereon. The envelope was then addressed as follows:

ELIZABETH A. HARTWIG, (SBN 91991)
Deputy Attorney General
**OFFICE OF THE ATTORNEY GENERAL**
110 West A STREET, SUITE 1100
SAN DIEGO, CA 92101

    I then presented the envelope to the Correction Officer, for deposit in the United States Mail Receptacle, so provided at the above named correction facility, in accordance with Institution Mail pick-up policy and procedures.

    I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated:   **8/12/08**  , at   **2030**   hours, by

        Ernest J. Brooks, III, Declarant