UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST J. BROOKS, III,<br><br>                    Petitioner,<br>   v.<br><br>KEN CLARK, Warden,<br><br>                    Respondent. | CASE NO. 08 cv 0125 JM (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Doc. No. 15 |

     Ernest J. Brooks, III ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in January 2008. Petitioner challenges the state court sexual molestation convictions for which he is incarcerated, arguing the trial court violated his right to a fair trial by improperly admitting evidence of prior, similar acts. (Doc. No. 1 at 6-23.) Respondent, warden of the detention facility where Petitioner is incarcerated, filed a response (Doc. No. 9) and Petitioner filed a traverse (Doc. No. 14).

     On November 12, 2008, Magistrate Judge Barbara L. Major issued a Report and Recommendations ("R&R") in which she advised the court to deny Petitioner's § 2254 petition as well as his requests for an evidentiary hearing and appointment of counsel. (Doc. No. 15.) Petitioner was granted several extensions of time in which to file his objections and did so on March 2, 2009, *nunc pro tunc*. (Doc. No. 28.)

     Having carefully considered the thorough and thoughtful R&R, the record before the court,

1  Petitioner's objections, and the applicable authorities, the court **ADOPTS** the R&R **AS MODIFIED**
2  **HEREIN**.
3  //
4  **I.  BACKGROUND**
5        The court reviews a magistrate judge's R&R according to the standards set forth in Federal
6  Rule of Civil Procedure 72(b) and 28 U.S.C. § 636.  The court "shall make a de novo determination
7  of those portions of the report . . . to which objection is made.  A judge of the court may accept, reject,
8  or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28
9  U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).
10        The court hereby incorporates by reference the Factual and Procedural Background presented
11  in the R&R with two clarifications.  (Doc. No. 15 at 2-4.)  The R&R cites January 1, 2007 as the date
12  the California Supreme Court denied Petitioner's habeas petition, but the ruling issued on January 17,
13  2007.  (Lodg. 12.)  In addition, while Petitioner's federal petition was received by the court on January
14  22, 2008, as discussed below, it  appears to have been filed on January 17, 2008.  (Doc. No. 1 at 12.)
15  //
16  **II.  DISCUSSION**
17    **A.  Statute of Limitations**
18        The R&R concludes the instant petition is time-barred by the AEDPA's one-year statute of
19  limitations.  See 28 U.S.C. § 2244(d).  In particular, the R&R finds 386 days lapsed between the
20  conclusion of Petitioner's state proceedings and the filing of his federal petition.  (R&R at 7.)  Further,
21  even with statutory tolling during Petitioner's state court efforts, the R&R determines Petitioner's
22  lengthy delays between successive state court filings were presumptively unreasonable and added
23  another 301 days to the elapsed time.  (R&R at 9.)  Finally, the R&R finds Petitioner is not entitled
24  to equitable tolling.  (R&R at 10.)  Based on the analysis in the R&R, Petitioner exceeded the statute
25  of limitations by 322 days.
26        As mentioned above, the final state court decision in Petitioner's case actually issued on
27  January 17, 2007.  While the R&R notes the federal petition was filed January 22, 2008, Petitioner
28  may be entitled to an earlier filing date based on the "prison mailbox rule."  Houston v. Lack, 487 U.S.

266, 276 (1988); <u>Saffold v. Newland</u>, 250 F.3d 1262, 1268 (9th Cir. 2000), <u>cert. granted</u>, 534 U.S. 971 (2001)(holding the prison mailbox rule applies to prisoners filing habeas petitions in both federal and state courts). In his petition, signed under penalty of perjury, Petitioner asserts he mailed the petition to this court (or handed it to a corrections officer for that purpose) on January 17, 2008. (Doc. No. 1 at 12.) Absent evidence to the contrary, the court adopts January 17, 2008 as the operative filing date. <u>Houston</u>, 487 U.S. at 276 (holding a prisoner's notice of appeal is deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk"). Therefore, the elapsed time between the final state court denial and Petitioner's federal habeas filing was 365 days. The court hereby adopts the conclusions of the R&R with respect to the calculation of statutory tolling. (R&R at 9.) On this analysis, the court finds Petitioner exceeded the allowed statute of limitations by 301 days rather than 321 days.

To satisfy the AEDPA statute of limitations, then, Petitioner must show he is entitled to equitable tolling for at least 301 days. Petitioner was put on notice of the statute of limitations issue, both by the court at the outset of this case (Doc. No. 2) and by Respondent in addressing the petition's merits (Doc. No. 9 at 4 n.3). Petitioner made no attempt to explain the delays until he filed objections to the R&R. Petitioner now argues he is entitled to equitable tolling for the lengthy delays between each step in his state court habeas process and between his final state court denial and his federal filing. (Doc. No. 28 at 4-7.) The court generally does not address factual arguments presented for the first time in objections, but may do so under unusual circumstances. <u>Brown v. Roe</u>, 279 F.3d 742 (9th Cir. 2002)(abuse of discretion for court not to consider equitable tolling argument raised for first time in objections to R&R where pro se prisoner was illiterate and raising relatively novel claim under relatively new statute). While the present circumstances do not rise to the level as in <u>Brown</u>, the court evaluates Petitioner's equitable tolling plea and finds it unpersuasive.

The court reiterates, equitable tolling is "unavailable in most cases," <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999), but is appropriate where a habeas petitioner demonstrates "he has been pursuing his rights diligently, and...some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Furthermore, Petitioner must show the "extraordinary circumstances" he has identified, rather than merely a lack of diligence on his part, were the proximate

cause of his untimeliness. <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003); <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir. 2003).

Petitioner argues the delay in filing his habeas petition to the state appellate court (June 4, 2004 to June 3, 2005) was caused by the difficulties he faced obtaining school records addressing the credibility of one victim and declarations from other witnesses who were not called by his trial counsel. (Doc. No. 28 at 4.) Petitioner also contends his appellate attorney took seven months to return documentation related to Petitioner's ineffective assistance of counsel claim. (Id. at 5.)

Petitioner next addresses the delay between the appellate court denial on July 15, 2005 and Petitioner's submission to the California Supreme Court on May 8, 2006. Petitioner alleges between August and October, 2005, he submitted a "habeas corpus petition" to the state supreme court which was "lost" by prison officials.[1] (Id. at 5-6.) Thereafter, Petitioner purchased federal habeas books to assist him in preparing and filing his petitions. (Id. at 5.) Further, Petitioner alleges he was placed in administrative segregation ("Ad-Seg") for more than five months beginning January 22, 2006, based on allegations he was possessing and distributing drugs in prison. (Id. at 5-6.) Petitioner's legal materials were confiscated and after 30 days, a small portion of those materials were returned to him. (Id. at 6.) Petitioner remained in Ad-Seg for more than five months and during that time, on January 27, 2006, he suffered a stroke which left him paralyzed on his left side for approximately nine months. (Id. at 6.) Even after Petitioner's release from Ad-Seg, his complete legal materials were not returned despite his continued requests. (Id.) Finally, Petitioner avers the delay was caused by time spent obtaining corporate documents through the Freedom of Information Act. (Id.)

To explain the delay between the end of Petitioner's state court proceedings and the filing of his habeas petition in federal court, Petitioner offers that, in May 2007, all federal law books at his facility law library were removed and replaced with legal research computers. (Id. at 7.) Petitioner contends the library staff did not know how to use the computers, and the databases were not updated with current cases. (Id.) Moreover, the library did not have staff trained to assist prisoners, particularly those with developmental and/or physical disabilities. As a result, Petitioner contends he

---

[1] In fact, this submission appears to have been an untimely petition for review. It was rejected by the state supreme court for lack of jurisdiction and therefore does not confer any statutory tolling benefit on Petitioner. (Id.)

was unable to locate and research "appropriate points and authorities, in which to support his arguments...." (Id.)

In light of the high standard in proving entitlement to equitable tolling, the court generally finds Petitioner's allegations unpersuasive. Petitioner ascribes the delays at several junctures to his inability to secure or recover various documents, none of which appear to have any relevance to the single evidentiary claim he presents to this court. Thus, these facts do not constitute "extraordinary circumstances" sufficient to explain the delay in filing his federal petition. Other courts have concluded placement in administrative segregation, difficulty in gaining library access, prison lockdowns, and lack of legal training fail to make the grade. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S.Ct. 210 (1998) (limited library access); Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2000) (solitary confinement), aff'd, 255 F.3d 65, 75 (2d Cir. 2001); Atkins v. Harris, No. C 98-3188, 1999 WL 13719 at *2 (N.D. Cal. Jan. 7, 1999) (lockdowns, limited library access, lack of legal training). Prisoners must take such restrictions into account when calculating when to file a federal petition.

While denial of access to one's legal file during Ad-Seg may qualify as an "extraordinary circumstance," Petitioner has not credibly shown the denial was the proximate cause of his lengthy delay in filing his state supreme court petition. See Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (concluding equitable tolling was warranted where prisoner, who had been placed in Ad-Seg for his own protection, was denied access to his legal file for nearly the entire statutory period). According to the timeline set forth in Petitioner's objections, restricted access to his legal file could not have presented too great an impediment because he filed his state supreme court petition during the lockdown period. Similarly, while Petitioner suffered temporary paralysis following a stroke in January 2006, any suggestion the delays resulted from these health issues is undermined by the filing of his state habeas petition less than four months later. See Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005) (physical and mental disabilities did not provide for equitable tolling because they did not prevent the prisoner from meeting other filing deadlines). Even if the court were to find equitable tolling appropriate for the January to May 2006 timeframe, Petitioner would still have exceeded the statute of limitations by more than six months.

Any deficiencies in the law library's substantive resources in 2007 did not pose an "extraordinary circumstance" and were not the proximate cause of Petitioner's tardy federal filing. Petitioner's sole federal claim was presented during the state appeals process in documents prepared by his appointed appellate attorney. (Lodgs. 3, 7.) His federal evidentiary claim does not rely on any new rule of constitutional law or interpretation thereof. Furthermore, the pleading standards for a habeas petition are exceedingly low, requiring only that the petition specify the grounds for relief, the facts in support, and the relief requested. See Rule 2(c), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Under this standard, Petitioner was not required to support factual assertions with any legal authority or otherwise submit a fully-researched petition. All Petitioner needed to do to file his federal petition was to reformat the claim from the state court documents and mail it to the court. Finally, Petitioner alleges the lack of staff trained to assist disabled prisoners prevented him from filing his federal petition expeditiously. As discussed above, this contention is undercut by Petitioner's state habeas filing in May 2006.

In sum, as concluded in the R&R, Petitioner is not entitled to equitable tolling, and his petition is time-barred by the AEDPA statute of limitations.

**B. Evidentiary Claim**

Magistrate Judge Major determined Petitioner failed to present a federal question in his petition and, even if the court were to construe allegations of a federal constitutional violation, Petitioner's claim fails. (Doc. No. 15 at 15.) In his objections, Petitioner concedes he did not expressly invoke federal constitutional law, but argues the petition clearly states a claim for violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments. (Doc. No. 28 at 7.) As to the substance of the claims, Petitioner's objections reiterate arguments he has presented previously.

The court wholly agrees with the conclusions of the R&R. To the extent Petitioner's claims rely on violations of California law, this court has no jurisdiction to entertain them. On the federal constitutional front, admission of prejudicial prior act evidence only amounts to a due process violation if "there are *no* permissible inferences the jury may draw from the evidence," and even then, the "evidence must be of such quality as necessarily prevents a fair trial." Jammal v. Van de Kamp,

926 F.2d 918, 920 (9th Cir. 1991) (citation and quotation omitted) (emphasis in original). The California Court of Appeal appropriately determined there "was minimal potential for undue prejudicial effect" because of the similarities between the conduct charged and revealed through the prior acts evidence. (Lodg. 6.) Further, even if the evidence was improperly admitted, the evidence at issue did not alter the outcome of the case. (Id.) In a thorough analysis of the impact of the evidence in light of the record as a whole, the R&R properly concludes admission of the evidence did not violate Petitioner's constitutional rights.

### C. Evidentiary Hearing

Under 28 U.S.C. § 2254(e)(2), a petitioner can only receive an evidentiary hearing upon a showing (A) the claim relies on a new rule of constitutional law or facts "that could not have been previously discovered through the exercise of due diligence," and (B) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Petitioner has failed to satisfy either of these requirements. In the context of equitable tolling, a district court must conduct an evidentiary hearing to evaluate allegations which, if true, would support such tolling. Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (en banc). However, as discussed above, even assuming Petitioner's factual contentions are true, he is not entitled to equitable tolling, and an evidentiary hearing is therefore unnecessary.

For these reasons, as well as those presented in the R&R, Petitioner's request for an evidentiary hearing is **DENIED**.

### D. Appointment of Counsel

As discussed in the R&R, Petitioner fails to demonstrate "exceptional circumstances" warrant appointment of counsel to assist him in this case. Petitioner's request for appointment of counsel is therefore **DENIED**.

//
//
//
//

1  //

### III.  Conclusion

For the reasons set forth above, the court **ADOPTS** the R&R in **AS MODIFIED HEREIN.** (Doc. No. 15.)  Accordingly, the court **DENIES** the petition for writ of habeas corpus (Doc. No. 1), **DENIES** the request for an evidentiary hearing, and **DENIES** the request for appointment of counsel. Further, the court **DISMISSES** all allegations made against California Attorney General Edmund G. Brown, who was improperly named as a respondent.  (See Doc. No. 15 at 2 n. 1.)  The Clerk of Court is instructed to close the case file.

**IT IS SO ORDERED.**

DATED:  April 3, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge